Samuel M. Lasser (SBN - 252754)
slasser@edelson.com
EDELSON PC
1934 Divisadero Street
San Francisco, California 94115
Tel: 415.212.9300
Fax: 415.776.8047

Rafey S. Balabanian*
rbalabanian@edelson.com
Benjamin H. Richman*
brichman@edelson.com
Courtney Booth*
cbooth@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

**Pro hac vice* admission to be sought*

*Attorneys for Plaintiff and the Putative Class*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEYED KAZEROUNI, individually and on behalf of all others similarly situated, <br><br>           Plaintiff, <br><br>      v. <br><br> FEDEX CORP, a Delaware corporation, <br><br>           Defendant. | Case No. 8:15-cv-00060 <br><br> **DEMAND FOR JURY TRIAL** <br><br> **CLASS ACTION** |

CLASS ACTION COMPLAINT                                        CASE NO. 8:15-CV-00060

Plaintiff Seyed Kazerouni brings this Class Action Complaint ("Complaint") against Defendant FedEx Corp, ("FedEx" or "Defendant") based upon Defendant's practice of charging consumers undisclosed fees for receiving internationally shipped packages. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1. As one of the premier shipping and courier services in the world, Defendant FedEx ships millions of packages on a daily basis to countries worldwide.

2. Goods shipped internationally to the United States by FedEx may incur governmental customs fees. The package recipient is responsible for these costs.

3. However, to increase its own revenues, FedEx pays the customs fee for goods shipped internationally and then passes those costs on to the package recipient—but not before tacking on an additional and artificial "advancement fee" in the amount of $6.50 or 2% of the overall customs fee, whichever is greater.

4. FedEx does not disclose the existence of this advancement fee until it is already due and owing, and likewise, it does not provide the package recipient with any alternative options beforehand to avoid the added cost. As part of claiming the package, the recipient must pay the undisclosed advancement fee or risk having FedEx direct the debt to a collections agency or not deliver the package.

5. Thousands, if not millions, of consumers nationwide have been subjected to FedEx's undisclosed advancement fee. Those consumers, including Plaintiff, placed an international purchase order (or otherwise were shipped a

package) with the understanding that only the merchant's stated shipping charges and any applicable government customs fees would apply. Plaintiff and other Class members did not expect, and were not informed until after payment was due, that additional FedEx fees would also be incurred. As such, Plaintiff brings this putative class action to recover damages in the form of monies paid to Defendant.

**PARTIES**

6. Plaintiff Seyed Kazerouni is a natural person and citizen of the State of California.

7. Defendant FedEx Corp is a corporation incorporated and existing under the laws of the State of Delaware with its principal place of business located at 942 South Shady Grove Road, Memphis, Tennessee 38120. FedEx does business in the State of California, this District, and nationwide.

**JURISDICTION AND VENUE**

8. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state different from Defendant, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

9. The Court has personal jurisdiction over Defendant because it is registered to conduct business in this District (as California Secretary of State Entity No. C2172803), it conducts significant business in this District, and the unlawful conduct alleged in the Complaint occurred in, was directed to, and/or emanated from this District.

10. Venue is proper in this District under 28 U.S.C. § 1391(b) as Defendant conducts significant business in this District and the injuries of which Plaintiff complains arose, in part, in this District. Venue is additionally proper because Plaintiff resides in this District.

## FACTUAL BACKGROUND

11. Defendant FedEx is based in the United States and has become one of the largest international shipping companies in the world, transporting millions of packages worldwide every day.

12. Through its international shipping network, tens of thousands of consumers in the United States receive FedEx packages from abroad every day, including from international retailers.

13. When a consumer places an order with an international retailer, the shipping information provided generally includes the cost and in some cases identifies the shipping provider (e.g., FedEx). After agreeing to the purchase and shipping costs, the consumer submits payment information.

14. In many instances, the international retailer warns the purchaser that customs fees may be imposed on his or her order. However, because the retailer cannot reliably calculate this figure for each country and item sold, the fee is neither included nor identified.

15. For example, a customs fee warning may include text similar to the following:

> If you are shopping from outside of the European Union, you may be required to pay a customs fee. Please see our terms and conditions for further details.

The terms and conditions might include a statement such as:

> Non-EU customers may be required to pay customs or import duties when parcels reach the destination country. These charges must be paid in full by the recipient of the parcel. Customs and import duties vary widely from country to country, and we are therefore not able to inform you of specific charges for your country. The customer takes full liability for all postal charges, return shipment costs, customs charges and handling fees should they refuse to accept a parcel due to import duties or taxes. Please note: we cannot declare parcels as gifts or undervalue parcels.

16. These warnings put consumers on notice that their respective government may add a customs fee on top of a product's purchase price. What

is not disclosed to the consumer at the time of purchase, however, is the additional and non-descript "advancement" fee imposed by FedEx. In fact, the majority of consumers only discover this fee upon an extra close inspection of their FedEx invoice.

17. After a product is purchased form an international retailer—and in many cases before the product reaches the purchaser—FedEx sends an invoice to the recipient.

18. At the top of the invoice is a "summary" of FedEx services and a single line item that reads: "Duties, Tax, Customs, Other Fees." Next to this line item is a single figure—with no additional explanation of how it was calculated—and no indication that FedEx imposed a portion of the charge.

19. If a consumer explores the invoice further, he or she may discover that on the third page, written in text with smaller font than any other text in the entire invoice, is a breakdown of the Customs Duty and an unexplained Advancement Fee of at least $6.50 (or 2% of the customs fee, whichever is greater). Here, as with the price listed on the first page of the invoice, it is never disclosed to the consumer that FedEx, *not the government*, charged this fee.

20. The disturbing reality is that the only way a consumer could learn that the Advancement Fee originates from FedEx is to perform a search for the fee on the Internet or contact FedEx's offices directly.

21. FedEx defines the Advancement Fee as a "convenience" fee charged by FedEx for paying the Customs Duty and billing the package recipient.

22. Defendant does not disclose this cost in advance of billing the package recipient and does not offer the consumer an opportunity to pay the Customs Duty (either directly to the government or to FedEx itself).

23. Rather, at the point in time the consumer receives the invoice, the Customs Duty has already been paid and the Advancement Fee is due and

1 owing. In instances where the package does not arrive prior to receipt of the
2 invoice, FedEx may withhold the package until the Advancement Fee is paid. If
3 the package has already arrived and the recipient refuses to pay the
4 Advancement Fee, FedEx will eventually send the outstanding balance to a
5 collections agency.

6  24.  Although $6.50 is the *minimum* Advancement Fee (even if the
7 customs fee is much lower), FedEx's policy is to charge the greater of $6.50 or
8 2% of the total duties and taxes paid. Thus, the 2% Advancement Fee can
9 become quite large where the consumer owes significant customs fees.

10  25.  As described herein, FedEx's Advancement Fee is a deceptive and
11 unfair business practice for at least the following reasons: (1) the fee is not
12 disclosed or consented to by the consumer; (2) it is intentionally buried and
13 minimized in Defendant's Customs Duty invoice (leading the average consumer
14 to believe the cost is a mandatory government fee); and (3) the charge is
15 presented as a "take it or leave it" proposition, whereby consumers must pay the
16 fee or ultimately face the potential threat of being subject to action by a
17 collections agency or not receiving their packages.

18  26.  Consumers, like Plaintiff and the putative Class, who were forced
19 to pay Defendant's Advancement Fee without proper notice or authorization,
20 were harmed in the form of monies paid to Defendant and now seek to recover
21 actual damages, injunctive relief to prevent this conduct from occurring again,
22 and costs and reasonable attorneys' fees.

### PLAINTIFF KAZEROUNI'S EXPERIENCE

24  27.  On May 27, 2014, Plaintiff Seyed Kazerouni placed an online
25 order at Unisportstore.com for several World Cup jerseys.

26  28.  During the checkout process, Plaintiff agreed to pay a €20 fee for
27 FedEx shipping.

28  29.  On the checkout page, Plaintiff viewed a representation that he

may be liable for governmental customs fees for shipping the items to the United States.

30. Several weeks later, Plaintiff Kazerouni received notice that his items had shipped. On July 15, 2014, a week after receiving his package, Plaintiff received an invoice from Defendant FedEx representing that he owed $91.22 for "Duties, Tax, Customs, Other Fees." As Plaintiff had expected to pay a customs fee to the government, the bill itself was not wholly unexpected. However, upon closer inspection of the invoice, Plaintiff discovered (on the third page in small print) that FedEx had already paid the Customs Duty and that it had added an additional $6.50 "Advancement Fee."

31. Plaintiff never received notice that an Advancement Fee would apply to his purchase, did not give FedEx permission to pay the Customs Duty for him in advance (with or without an additional charge), and never authorized any additional fees to be levied or charged by FedEx beyond the €20 shipping fee he paid at checkout.

32. Because Plaintiff was concerned that U.S. Customs would get involved and he might be exposed to additional fines, Plaintiff paid his FedEx bill in full.

33. Had Plaintiff been given notice of the Advancement Fee and been provided an opportunity to pay the Customs Duty directly, he would have done so as a means to avoid additional FedEx charges.

## CLASS ALLEGATIONS

34. **Class Definition**: Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and (b)(3) on behalf of himself and a proposed class (the "Class") defined as follows:

> All individuals in the United States who paid an Advancement Fee to Defendant FedEx Corp as the result of an international package delivery.

The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

35. **Numerosity**: The exact number of the members of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. Defendant has deceived and profited from thousands of consumers who fall into the definition set forth above. Members of the Class can be identified through Defendant's records.

36. **Commonality**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to the following:

(a) Whether Defendant's conduct alleged herein constitutes violations of Cal. Bus. & Prof. Code §§ 17200, *et seq.*;

(b) Whether Defendant's conduct alleged herein constitutes violations of Cal. Civ. Code §§ 1750, *et seq.*;

(c) Whether Defendant's conduct alleged herein constitutes fraud by omission; and

(d) Whether Defendant's conduct alleged herein constitutes unjust enrichment.

37. **Typicality**: Plaintiff's claims are typical of the claims of other

members of the Class, as Plaintiff and other members sustained damages arising out of the wrongful conduct of Defendant, based upon the same transactions that were made uniformly with Plaintiff and the public.

38. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex litigation and class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

39. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's policies challenged herein apply and affect members of the Class uniformly and Plaintiff's challenge of these policies hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Class are the same, resulting in injury to the Plaintiff and to all of the other members of the Class. Plaintiff and the other members of the Class have suffered similar harm and damages as a result of Defendant's unlawful and wrongful conduct.

40. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of

1  the Class to obtain effective relief from Defendant's misconduct. Even if
2  members of the Class could sustain such individual litigation, it would still not
3  be preferable to a class action, because individual litigation would increase the
4  delay and expense to all parties due to the complex legal and factual
5  controversies presented in this Complaint. By contrast, a class action presents
6  far fewer management difficulties and provides the benefits of single
7  adjudication, economy of scale, and comprehensive supervision by a single
8  Court. Economies of time, effort and expense will be fostered and uniformity of
9  decisions ensured.

**FIRST CAUSE OF ACTION**
**Violation of California's Unfair Competition Law**
**Cal. Bus. & Prof. §§ 17200,** *et seq.*
**(On Behalf of Plaintiff and the Class)**

13  41.  Plaintiff incorporates the foregoing allegations as if fully set forth
14  herein.
15  42.  California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof.
16  Code §§ 17200, *et seq.*, protects both consumers and competitors by promoting
17  fair competition in commercial markets for goods and services.
18  43.  The UCL prohibits any unlawful, unfair, or fraudulent business act
19  or practice. A business practice need only meet one of the three criteria to be
20  considered unfair competition.
21  44.  As alleged herein, Defendant's practice of imposing an
22  "Advancement Fee" fee on goods shipped internationally to the United States
23  constitutes an unfair business practices in violation of Cal. Bus. & Prof. Code
24  §§ 17200, *et seq*.
25  45.  In particular, Defendant intentionally chose to design its
26  international shipping program so that Plaintiff and the Class would not receive
27  notice of or consent to its Advancement Fee for internationally shipped goods.
28  46.  Likewise, Defendant intentionally chose to include its

1  Advancement Fee in the overall summary of charges on its invoices without
2  disclosing the additional charge to Plaintiff and the Class. In addition,
3  Defendant deliberately made it difficult for Plaintiff and the Class to locate the
4  "Advancement Fee" by listing the charge (without explanation) several layers
5  deep within the invoice, and using small, non-descript font.

6  47.  Finally, the charge is presented as a "take it or leave it"
7  proposition, whereby Plaintiff and members of the Class were forced to pay the
8  Advancement Fee or potentially be subjected to action by a collections agency
9  and/or not receive the packages.

10  48.  Defendant has also violated the "fraudulent" prong of the UCL in
11  that it deliberately and fraudulently omitted from the terms presented to
12  Plaintiff and members of the Class that goods shipped internationally would be
13  charged an "Advancement Fee."

14  49.  Defendant has also violated the "unlawful" prong of the UCL in
15  that its conduct violated the Consumer Legal Remedies Act (Cal. Civ. Code §§
16  1750, *et seq.*), as explained below.

17  50.  Plaintiff and the Class have suffered harm as a proximate result of
18  Defendant's violations of law and wrongful conduct in the form of monies lost.
19  Pursuant to Cal. Bus. & Prof. Code §§ 17203, Plaintiff seeks an order requiring
20  Defendant to: (1) immediately cease the unlawful practices alleged in this
21  Complaint; (2) make full restitution of all funds wrongfully obtained from
22  Plaintiff and the Class; and (3) pay interest, attorneys' fees, and costs pursuant
23  to Cal. Code Civ. Pro. § 1021.5.

### SECOND CAUSE OF ACTION
**Violation of the Consumers Legal Remedies Act
Cal. Civ. Code §§ 1750, *et seq.*
(On Behalf of Plaintiff and the Class)**

27  51.  Plaintiff incorporates the foregoing allegations as if fully set forth
28  herein.

52. California's Consumers Legal Remedies Act ("CLRA") prohibits the act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, concealment, suppression or omission of any material fact with intent that others rely upon such act in connection with the sale or advertisement of any merchandise whether or not any person has in fact been misled, deceived or damaged thereby.

53. As alleged herein, Defendant has engaged in deceptive practices, unlawful methods of competition, and/or unfair acts as defined by Cal. Civ. Code §§ 1750, *et seq.*, to the detriment of Plaintiff and the Class.

54. Defendant fraudulently omitted the Advancement Fee that it charged for internationally shipped goods and intended that Plaintiff and the Class would rely on that act in purchasing the products.

55. Likewise, Defendant deceptively included the Advancement Fee in the overall summary of charges on its invoices without disclosing the additional charge to Plaintiff and the Class.

56. In addition, Defendant deceptively concealed the Advancement Fee from Plaintiff by listing the charge (without explanation) several layers deep within the invoice, using small, non-descript font, and failing to indicate that it was a FedEx charge (as compared to a government customs fee).

57. The injuries of which Plaintiff and members of the Class complain are a direct and proximate result of Defendant's violations of the law and wrongful conduct described herein.

58. Plaintiff and members of the Class are likely to make international purchases again in the future and may be subjected to Defendant's Advancement Fee.

59. Under Cal. Civ. Code § 1780(a) and (b), Plaintiff and the Class seek injunctive relief requiring Defendant to cease and desist the illegal conduct alleged in this Complaint and any other appropriate remedy for violations of the

CLRA. For the sake of clarity, Plaintiff explicitly disclaims any claim for damages under the CLRA at this time.

### THIRD CAUSE OF ACTION
### Fraud By Omission
### (On Behalf of Plaintiff and the Class)

60. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

61. When Plaintiff and the Class placed international purchase orders and paid for Defendant's shipping charges, Defendant concealed that it would unilaterally impose an Advancement Fee on their orders. As such, Plaintiff and the other Class members did not expect, and were not informed until after payment was due, that additional FedEx fees would also be incurred.

62. Plaintiff and the Class reasonably expected that Defendant's shipping services could be obtained for the price stated when placing their orders with international retailers and that no additional fees would be required (except for any applicable government customs fees).

63. Defendant was under a duty to Plaintiff and the Class to disclose that it would impose its Advancement Fee because:

   (a) Defendant was in a superior position to know that Plaintiff and the Class would be subjected to an Advancement Fee;

   (b) Defendant actually knew that Plaintiff and the Class would be subjected to an Advancement Fee;

   (c) Plaintiff and the Class members could not reasonably have been expected to learn or discover that Defendant was concealing that Plaintiff and the Class would be subjected to an Advancement Fee; and

   (d) Defendant knew that Plaintiff and the Class Members could not reasonably have been expected to learn or discover that they would be subjected to an Advancement Fee.

64. The facts concealed or not disclosed by Defendant to Plaintiff and

1. the Class, and the facts that Defendant knew were concealed, are material in that a reasonable consumer would have considered them to be important in deciding whether to place their international purchase orders and pay for Defendant's shipping services. Had Plaintiff and the Class known that they would be subjected to Defendant's Advancement Fee, they would not have placed their international orders and/or would have paid to ship their orders using different shipping companies.

65. Defendant concealed or suppressed the true price and characteristics of its shipping services in order to induce Plaintiff and the Class to act thereon and proffer payment for their orders and, subsequently, for the Advancement Fee. Plaintiff and the Class justifiably relied on Defendant's omissions to their detriment and were forced to pay Defendant's Advancement Fee without proper notice or authorization.

66. As a direct and proximate result of Defendant's misconduct, Plaintiff and the Class have suffered actual damages in the form of monies paid for Defendant's Advancement Fee.

### FOURTH CAUSE OF ACTION
**Unjust Enrichment**
**(On behalf of Plaintiff and the Class)**

67. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

68. Plaintiff and members of the Class did not directly enter into a contract with Defendant to ship packages internationally, and therefore lack any contractual remedy.

69. Defendant knowingly profited from the Advancement Fee charges it forced Plaintiff and Class members to pay.

70. Plaintiff and the Class have conferred a monetary benefit upon Defendant. Defendant has received and retained money belonging to Plaintiff and the Class as a result of its unlawful and deceptive conduct described herein.

71. Defendant appreciates or has knowledge of the benefit conferred upon it by Plaintiff and the Class.

72. Under principles of equity and good conscience, Defendant should not be permitted to retain the money belonging to Plaintiff and the Class that it unjustly received as a result of its unlawful and deceptive conduct described herein.

73. Accordingly, Plaintiff, individually and on behalf of the Class, seeks restitution and disgorgement of all monies unjustly received and retained by Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Seyed Kazerouni, individually and on behalf of the Class, requests that the Court enter an Order providing for the following relief:

A. Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff as Class representative, and appointing his counsel as Class Counsel;

B. Declaring that Defendant's actions, as set out above, violate Cal. Bus. & Prof. Code §§ 17200 *et seq.*, and Cal. Civ. Code §§ 1750 *et seq.*, and constitute fraud by omission and unjust enrichment;

C. Awarding all economic, monetary, actual, consequential, statutory and compensatory damages caused by Defendant's conduct;

D. Awarding restitution against Defendant for all money to which Plaintiff and the Class are entitled in equity;

E. Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

F. Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable;

G. Entering injunctive and/or declaratory relief as is necessary to

protect the interests of Plaintiff and the Class; and

  H. Awarding such other and further relief as equity and justice may require.

## DEMAND FOR JURY TRIAL

  Plaintiff demands a trial by jury for all issues so triable.

            Respectfully submitted,

            **SEYED KAZEROUNI**, individually and on behalf of all others similarly situated,

Dated: January 14, 2015    By: /s/ Samuel M. Lasser
              One of Plaintiff's Attorneys

Samuel M. Lasser (SBN - 252754)
slasser@edelson.com
EDELSON PC
1934 Divisadero Street
San Francisco, California 94115
Tel: 415.212.9300
Fax: 415.776.8047

Rafey S. Balabanian*
rbalabanian@edelson.com
Benjamin H. Richman*
brichman@edelson.com
Courtney Booth*
cbooth@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Pro hac vice* admission to be sought.