Justin Ross, *pro hac vice*
Aaron T. Cassat, *pro hac vice*
FEDERAL EXPRESS CORPORATION
3620 Hacks Cross Rd.
Building B, 3rd Floor
Memphis, TN 38125
Telephone: 901.434.8477
Facsimile: 901.434.4523
Email: justin.ross@fedex.com
Email: aaron.cassat@fedex.com

Emily C. Pera (No. 290445)
FEDERAL EXPRESS CORPORATION
2601 Main Street, Suite 340
Irvine, California 92614
Telephone: (949) 862-4585
Facsimile:   (949) 862-4605
Email: emily.pera@fedex.com

Attorneys for Defendant
FEDERAL EXPRESS CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEYED KAZEROUNI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL EXPRESS CORPORATION, a Delaware Corporation<br><br>Defendant. | Case No. 8:15-cv-00060 CJC (ANx)<br><br>**Honorable Judge Cormac J. Carney**<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**<br><br>Date:      April 27, 2015<br>Time:     1:30 p.m.<br>Place:    Courtroom 9B<br><br>Complaint Filed:  January 14, 2015<br>Trial Date:   None Set |

1105684 (60-15108 )

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
Case No.  8:15-CV-00060-CJC-ANx

# <u>TABLE OF CONTENTS</u>

**Page(s)**

TABLE OF CONTENTS ……………………………………………....i

TABLE OF AUTHORITIES ……………………………..……………...ii

MEMORANDUM OF POINTS AND AUTHORITIES……………….…......1

I.   Summary of Argument………………………………………..1

II.  Summary of Complaint…………………… ………………..……..2

III. Legal Argument………………………………………....3

   A. Failure to State a Claim Legal Standard…………………………...3

   B. All of Plaintiff's causes of action should be dismissed because they are preempted by the Airline Deregulation Act…………………………………….....4

   C. Alternatively, Plaintiff's Class Action should be dismissed because Plaintiff lacks standing and fails to allege facts sufficient to establish the elements of his claim ……………………………….……………....13

      1. Plaintiff lacks standing to assert his UCL and CLRA claims because he cannot allege an injury in fact………………………………...…………..14

      2. Plaintiff does not sufficiently plead a fraud by omission claim………………… ………….......19

      3. Plaintiff does not sufficiently plead an unjust Enrichment claim…………………………….21

      4. Plaintiff's claims are barred by the voluntary Payment doctrine……………………….22

CONCLUSION………. ………………………….24

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1105684 (60-15108 )

i

# TABLE OF AUTHORITIES

**FEDERAL CASES**                                                      **Page (s)**

American Airlines, Inc. v. Wolens
    513 U.S. 219, 226-229, 233 …………….…………….................... 6, 7, 11

Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters
    459 U.S. 519, 526, 103 S. Ct. 897 (1983)……………………….................3

Balistreri v. Pacifica Police Dept.
    901 F.2d 696, 699 (9th Cir. 1988)…………….…………….. ………….4

Chiarella v.United States
    445 U.S. 222 (1980)……………………….…………….................. 19

Comet Theatre Enterprises v. Cartwright
    195 F.2d 80, 83 (9th Cir. 1952)……………………….....………...21

Deerskin Trading Post, Inc. v. UPS
    972 F. Supp. 665, 673 (N.D. Ga. 1997)…………………..……………...11,12

Dugan v. FedEx Corp.
    2002 U.S. Dist. LEXIS 28415 (C.D. Cal., Sept. 26, 2002)………………..11

Ellsworth v. U.S. Bank, N.A.
    908 F. Supp. 2d 1063, 1083 (N.D. Cal.2012)………………..…………… 22

Holmstrom v. UPS,
    2002 U.S. Dist. LEXIS 26617, at *5
    (C.D. Cal., Sept. 18, 2002)………………………………………………..... 11

In re JetBlue Airways Privacy Litig.
    379 F. Supp. 2nd 299, 316, 320, (E.D.N.Y. 2005)…..…….… ...…..9,10, 11,12

Jones v. Cmty. Redev. Agency
    733 F.2d 646, 649-50 (9th Cir. 1984) ………………….… ..……………..4

Lehman v. USAIR Group, Inc.
    930 F.Supp. 912, 915-16 (S.D.N.Y. 1996)………….….….……………...10

Leonard v. Northwest Airlines
    605 N.W.2d 425, 431-32 (Minn. Ct. App. 2000)………………………10, 12

Morales v. Trans World Airlines, Inc.
    504 U.S. 374, 378, 384, 386 (1992)………………………….........5, 6, 7, 9, 12

Northwest, Inc. v. Ginsberg
    134 S. Ct. 1422, 1430, 1431-32 (2014)……………………………….….... 8

Pareto v. F.D.I.C.,
139 F.3d 696, 699 (9th Cir. 1998)……..……………………………….4, 22

Parino v. BidRack, Inc.
    838 F. Supp. 2d 900, 908 (N.D. Cal. 2011)……………………………..22

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1

## TABLE OF AUTHORITIES

2

**FEDERAL CASES**                                                    **Page (s)**

3

United States v. Laurienti
 611 F.3d 530, 539 (9th Cir. 2010)……………………………………19

4

Rowe v. N.H. Motor Transport Ass'n,
5
 552 U.S. at 367, 372-373128 S. Ct. 989 (2008)…………..……………... 7, 8

6

Sam L. Majors Jewelers v. ABX, Inc.
 117 F.3d 922, 931 (5ᵗʰ Cir. 1997)……………………………………..12

7

S.C. Johnson & Son v. Transp. Corp. of Am.
8
 697 F.3d 544, 557 (7ᵗʰ Cir. 2012) ……………………………………12

9

Schaefer v. Delta Airlines
 1992 U.S. Dist. LEXIS 22450, at *4-5
10
 (S.D. Cal., Sept. 17, 1992)…………………………………..................12

11

Somers v. Apple, Inc.
 729 F.3d 953, 959 (9ᵗʰ Cir. 2013)……………………..…………………..3

12

Trujillo v. American Airlines
13
 938 F. Supp. 392, 394 (N.D. Tex. 1995)……………………………13

14

Wagman v. Federal Express
 1995 U.S. App. LEXIS 3111 at 5-7 (4ᵗʰ Cir. Feb. 17, 1995)……..………12,13

15

Weisbuch v. County of L.A.,
16
 119 F.3d 778, 783, n.1 (9ᵗʰ Cir. 1997)………….………..…………………..4

17

**STATE CASES**

18

Blackner v. Continental Airlines
709 A.2d 258, 260 (N.J. Super. Ct. App. Div. 1998)………………………..10

19

Buckland v. Threshold Enterprises, Ltd.
20
 155 Cal.App. 4ᵗʰ 798,809, 814 (2007)………………..……………. 15, 19, 20

21

Brower v. AT&T Mobility, LLC
 196 Cal. App. 4ᵗʰ 1545, 1548, 1555, 1557 (2011)………………………15, 16

22

County of San Bernardino v. Walsh
23
 158 Cal. App. 4ᵗʰ 533 (2007)……………………………………..21

24

DHL Express v. Falcon Express,
 408 S.W.3d 406, 417 (Tex. Ct. App. 2013)……………………..……12

25

Fitz-Gerald v. SkyWest Airlines, Inc.
26
 155 Cal. App. 4ᵗʰ at 423 (2007)…………………………......…….10, 11

27

Hall v. Time, Inc.
 158 Cal. App. 4ᵗʰ 847 (2008)…………………………..…………......15

28

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
Case No.  8:15-CV-00060-CJC-AN

1

# TABLE OF AUTHORITIES

2

**STATE CASES**                                                                    **Page (s)**

3

Kwikset Corp. v. Superior Court
 51 Cal. 4th 310, 320-322 (2011)……………………………………..14, 15

4

Lectrodryer v. SeoulBank
 77 Cal. App. 4th 723 (2007)……………………………………..…..21

5

6

LiMandri v. Judkins
 52 Cal. App. 4th 326, 337 (Cal. Ct. App. 4th Dist. 1997)……..………19, 20

7

Lovejoy v. AT&T Corp.
 119 Cal. App. 4th 151 (Cal. Ct. App. 2004)……………………..…….19

8

9

Marina Tenants Assn. v. Deauville Marina Development Co
 181 Cal. App. 3d 122 (1986)……………………………………...21

10

Meyer v. Sprint Spectrum L.P.
 45 Cal. 4th 634 (2009)……………………………… ………….……..16

11

12

Musson Theatrical, Inc. v. Federal Express Corporation
 2001 Tenn. App. LEXIS 258 at 25-26
 (Tenn. Ct. App. April 12, 2001)………………………..…………..…...13

13

14

Peterson v. Cellco Partnership
 164 Cal. App. 4th 1583, 1586,1588, 1590, 1591 (2008)…………… 17, 18, 21

15

SCC Acquisitions, Inc. v. Cent. Pac. Bank
 207 Cal. App. 4th 859 (Cal. Ct. App. 2012)………………………….....19

16

17

Steinman v. Malamed
 185 Cal. App. 4th 1550, 1557 (2010)……………………………….22, 23

18

19

In re Western Gulf Oil
 92 Cal. App. 2d 265………………………………………… …......22, 23

20

Wilens v. TD Waterhouse Group, Inc.
 120 Cal. App.4th 746, 754 (2003)………………………………………..15

21

22

Williams v. FedEx
1999 U.S. Dist. LEXIS 22758, at *2-3 (C.D. Cal.,Oct. 4, 1999)……..………....9

23

**STATE STATUTES**

24

Cal. Bus. & Prof. Code § 17200………………………………..……….2,11

25

Cal. Bus. & Prof. Code § 17204……………………………………14,15

26

Cal. Bus. & Prof. Code § 1750………………………………..….…….…....2

27

**FEDERAL STATUTES**

28

49 U.S.C. § 1450(c)(1)……………………………………………………..8,9

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1

# <u>TABLE OF AUTHORITIES</u>

2

**<u>FEDERAL STATUES</u>**                                                                    **Page (s)**

3

49 U.S.C. § 1302(a)(4), (a) (9))……………………..………………….…...5

4

49 U.S.C. § 40106(a)(6), (a)(12)(A)………………………..………………………5

5

49 U.S.C. § 41713(b)(1)………………………..……………………………1,5

6

Federal Aviation Administration Authorization Act of 1994………………………7

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1105684 (60-15108 )                                                          v

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   SUMMARY OF ARGUMENT

Plaintiff Sayed Kazerouni ("Plaintiff") alleges FedEx violated various California state laws, including the Unfair Competition Law ("UCL") and Consumer Legal Remedies Act ("CLRA"), by assessing a $6.50 Advancement Fee on an international shipment into the United States.  FedEx assesses the Advancement Fee when it advances payment for customers for duties and taxes on international shipments.  Here, Plaintiff purchased an item online, the item was shipped via FedEx by the online retailer from an international location into the United States, and FedEx handled the customs clearance and paid the customs and duties fees for Plaintiff.  Plaintiff received the shipment and two weeks later FedEx billed Plaintiff for the customs and duties fees, plus the $6.50 Advancement Fee. Plaintiff paid FedEx for the customs and duties fees and the Advancement Fee, but now claims the Advancement Fee violated California state law because Plaintiff did not receive advance notice of the Fee, did not consent to the Fee, and was not given the option to clear his shipment on his own and pay the customs duties and taxes directly to Customs.

Plaintiff's claims are all preempted by the Airline Deregulation Act of 1978, 49 U.S.C. § 41713(b)(1) ("ADA"), because they are attempts to enforce state law or policy on an air carrier in a manner that relates to the rates and services of the air carrier.  The ADA preempts all state law causes of action related to the rates, routes

or services of an air carrier.  Alternatively, Plaintiff lacks standing to bring his UCL and CLRA causes of action because he did not suffer an injury in fact or rely on any representations on the part of FedEx.  Plaintiff paid for and received customs clearance for his shipment and cannot allege that he would have paid less for this same service elsewhere.  Finally, Plaintiff's claims are barred by the voluntary payment doctrine because he voluntarily paid the Advancement Fee with full knowledge of the facts, and did not pay it under duress or coercion.

## II.   <u>SUMMARY OF COMPLAINT</u>

Plaintiff alleges the following facts in his Complaint.  By reciting those facts, FedEx does not concede the truth of those facts.

Plaintiff filed this Class Action on January 14, 2015, asserting claims for violation of California's Unfair Competition Law, (Cal. Bus. & Prof. Code Section 17200) (hereinafter referred to as "UCL"), violation of California's Consumers Legal Remedies Act, (Cal. Civ. Code § 1750, et seq.) (hereinafter referred to as "CLRA"), fraud by omission, and unjust enrichment.

Plaintiff alleges on May 27, 2014, he ordered several jerseys on unisportstore.com, and during the online checkout process agreed to pay €20 to unisportstore.com for FedEx shipping.  (Class Action ¶ 27, 28.)  On the checkout page, Plaintiff read a message stating he may be liable for governmental customs fees for shipping the items to the United States. (Id. ¶ 29.)  On July 15, 2014, a week after Plaintiff received the package via FedEx, Plaintiff received a FedEx

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
Case No.  8:15-CV-00060-CJC-ANx

invoice from for $91.22 for "Duties, Tax, Customs, Other Fees." (Id. ¶ 30.) The invoice informed Plaintiff FedEx already paid the Customs Duty on Plaintiff's behalf, and FedEx added an additional $6.50 "Advancement Fee" to Plaintiff's invoice. (Id.) Plaintiff acknowledges he expected a bill from FedEx for customs fees. (Id.) Plaintiff alleges he never received notice FedEx would charge the Advancement Fee, did not give FedEx permission to pay the Customs Duty for him in advance, and never authorized FedEx to charge additional fees beyond the €20 he paid at checkout. (Id. ¶ 31.) Plaintiff paid the invoice in full, including the $6.50 Advancement Fee. (Id. ¶ 32.) Plaintiff alleges if he had notice of the Advancement Fee and the opportunity to pay the Customs Duty directly, he would have done so to avoid the additional $6.50 charge. (Id. ¶ 33.)

## III.   **LEGAL ARGUMENT**

### A.   **Failure to State a Claim Legal Standard**

Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory. *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). When analyzing a complaint for failure to state a claim under Rule 12(b)(6), the court need not assume the plaintiff can prove facts different from those alleged in the complaint. *See Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526, 103 S. Ct. 897, (1983). Similarly, legal conclusions couched as factual allegations are not given a presumption of truthfulness and

"conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998); *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649-50 (9th Cir. 1984).

"Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).  Alternatively, dismissal may be appropriate when the plaintiff has included sufficient allegations disclosing some absolute defense or bar to recovery. *See Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n.1 (9th Cir. 1997) ("If the pleadings establish facts compelling a decision one way, that is as good as if depositions and other . . . evidence on summary judgment establishes the identical facts.").

**B.    All of Plaintiff's causes of action should be dismissed because they are preempted by the Airline Deregulation Act.**

Plaintiff alleges FedEx's $6.50 Advancement Fee—which FedEx charges when it advances duties and taxes payments for customers on international shipments—violates California's Unfair Competitions Law (UCL) and California's Consumers Legal Remedies Act (CLRA).   Plaintiff also brings claims for unjust enrichment and fraud by omission based on the same alleged conduct. FedEx's Motion to Dismiss should be granted because it is clear from the face of the Class Action Complaint all four causes of action are preempted by the ADA.   All of Plaintiff's claims are preempted by the ADA because they attempt to enforce

California state law in a way that relates to FedEx's rates and services.

In 1978, Congress enacted the ADA, which deregulated the airline industry. *See* 49 U.S.C. § 40106(a)(6), (a)(12)(A) (formerly codified at 49 U.S.C. § 1302(a)(4), (a)(9)). Included in the ADA is an express preemption provision "to ensure that the States would not undo federal deregulation with regulation of their own." *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 378 (1992). The preemption clause specifically provides that ". . . a State. . . may not enact or enforce a law, regulation, or other provision having the force or effect of law related to a price, route or service of an air carrier . . . ." 49 U.S.C. § 41713(b)(1).

The United States Supreme Court has addressed the scope of the ADA's express preemption clause on three occasions. In *Morales*, several state attorneys general attempted to enforce advertising fairness guidelines against airlines through various state consumer protection laws. *See Morales*, 504 U.S. at 378. In affirming an injunction prohibiting such enforcement, the Supreme Court held that the ADA "preempts the States from prohibiting allegedly deceptive airline fare advertisements through enforcement of their general consumer protection statutes." *Id.*

To determine whether the advertising guidelines were preempted by the ADA, the *Morales* Court had to define the term "related to" as used in the preemption clause of the ADA. The Court construed the phrase "related to" broadly to mean "having a connection with, or reference to airline 'rates, routes or

services.'"   *Id.* at 384.   Therefore, the Court held, "[s]tate enforcement actions having a connection with or reference to airline 'rates, routes or services' are preempted" by the ADA.   *Id.*   In broadly defining the "related to" language, the Court rejected the argument that the preemption provision of the ADA only preempted states from "actually prescribing rates, routes, or services" and rejected the argument that "only state laws specifically addressed to the airline industry are preempted." *Id.* at 386.

The second time the Supreme Court addressed the scope of the ADA's preemption provision was in *American Airlines, Inc.   v. Wolens*, 513 U.S. 219 (1995).   In *Wolens*, the plaintiffs alleged that American Airlines' retroactive modification of its frequent flyer program violated the Illinois Consumer Fraud and Deceptive Business Practices Act and constituted a breach of contract.   *See id.* at 225.   The issue for the Court in *Wolens* was not whether the plaintiffs' claims "related to" the prices, routes or services of an airline—they clearly did according to the Court.   *Id.* at 226-227.   Rather, the issue was whether the plaintiffs' private actions constituted enactment or enforcement of state law prohibited by the preemption provision. *See id.*

The Court first addressed the Illinois Consumer Fraud Act claim.   The Court held that the ADA preempted plaintiffs' consumer fraud claims because Illinois's consumer fraud statute "served as a means to guide and police the marketing practices of the airlines." *Id.* at 228.   This interference with airline business

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

practices, the Court found, violated the ADA's prohibition on enforcement of state law related to airline services; thus, the claim was preempted.

The Court next addressed plaintiffs' breach of contract claim.  That claim, the Court held, was not preempted by the ADA.  In so holding, the Court explained that the terms and conditions the airlines offered and the passengers accepted were private, self-imposed obligations and did not amount to a state's "enactment or enforcement [of] any law, rule, regulation, standard, or other provision having the effect of law within the meaning of [the ADA]." *Id.* at 228-229.  The Court did not go so far as to save all breach of contract claims from preemption, but only those confined to the four corners of the parties' bargain, "with no enlargement or enhancement based on state laws or policies external to the agreement." *Id.* at 233.

More recently, in *Rowe v. N.H. Motor Transport Ass'n,* the Supreme Court again applied the broad *Morales* standard in interpreting a virtually identical preemption provision found in the Federal Aviation Administration Authorization Act of 1994 ("FAAAA").[1]  *Rowe v. N.H. Motor Transport Ass'n*, 552 U.S. at 367, 128 S. Ct. 989 (2008).  The *Rowe* Court ruled a Maine state law was preempted because it required motor carriers to implement a number of delivery verification procedures designed to verify packages containing cigarettes were delivered to the proper recipient.  In addition, the law imposed civil liability upon the carrier, not simply for its knowing transport of (unlicensed) tobacco, but for the carrier's failure

---

[1] The FAAAA forbids states from "enact[ing] or enforc[ing] a law … related to a price, route or service of any motor carrier." 49 U.S.C. § 1450(c)(1).

to sufficiently examine a package to determine whether it came from a known tobacco shipper. *Id*. at 372-373. The Supreme Court found the law regulated a significant aspect of the motor carrier's package pickup and delivery service, and was thus preempted. *Id*. at 373.

The Supreme Court recently confirmed its broad reading of ADA preemption in *Northwest, Inc. v. Ginsberg*, 134 S. Ct. 1422, 1431-32 (2014). In that case, the Court held that the ADA preempted a state law claim for breach of the implied covenant of good faith and fair dealing brought against Northwest for its termination of Plaintiff from Northwest's frequent flyer program. In reaching this holding, the Supreme Court reversed the Ninth Circuit, which had held that a breach of the implied covenant of good faith and fair dealing claim was "too tenuously connected to airline regulation to trigger" ADA preemption. In its 9-0 opinion, the Supreme Court re-affirmed that ADA preemption is not limited to state laws specifically related to airline regulation, but also includes state common law claims that, when asserted against an airline, have some connection with or reference to, the airline's prices, routes or services. *Id*. at 1430. The Supreme Court also found that plaintiff's breach of the implied covenant of good faith and fair dealing claim "clearly" had a connection with Northwest's prices and services. The frequent flyer program had a connection with Northwest's rates because it eliminated or reduced ticket prices when it redeemed mileage credits for free or reduced fare tickets. Northwest's frequent flyer program also connected to services

because it affected access to flights and higher service categories. *Id*. at 1430-31.

It is clear from the face of the Class Action all four causes of action are preempted by the ADA because all four relate to the prices and services of an air carrier (FedEx)[2] and all four seek to impose California state principles of law and policy. As the operative language from *Morales* establishes, the requirement of the preemption clause that the state law in question relate to airline prices, routes or services is not an onerous one. *Morales*, 504 U.S. at 378.  Moreover, the language of the statute is disjunctive—a state law need only relate to single airline price or an airline route or an airline service to be preempted.  Here, all of Plaintiff's state law claims relate to FedEx's assessment of the Advancement Fee.  The Advancement Fee relates to FedEx's rates because it is part of what FedEx charges its customers to provide shipping services.  In fact, not only is the fee at issue "related to" FedEx's prices, the Advancement Fee is part of the price.  Plaintiff's attempt to use California state law to regulate FedEx's business practice of charging an Advancement Fee is precisely the type of action Congress intended to prevent through the ADA preemption clause.

Courts routinely hold that claims related to the imposition of air carrier fees are preempted by the ADA.  *See, e.g.*, *In re JetBlue Airways Privacy Litig*., 379 F. Supp. 2d 299, 320  (E.D.N.Y. 2005) ("unjust enrichment claims premised on the imposition of fees or collection of taxes quite obviously relate to airline rates");

---

[2] As a federally certificated air carrier, FedEx is covered by the ADA.  *See, e.g., Williams v. FedEx*, 1999 U.S. Dist. LEXIS 22758, at *2-3 (C.D. Cal., Oct. 4, 1999).

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
Case No.  8:15-CV-00060-CJC-ANx

*Lehman v. USAIR Group, Inc*., 930 F.Supp. 912, 915-16 (S.D.N.Y. 1996) (claim expressly referred to the collection of air transportation excise tax, which relates to rates because it directly impacts the ticket price); *Leonard v. Northwest Airlines*, 605 N.W.2d 425, 431-32 (Minn. Ct. App. 2000) (dismissing unjust enrichment claim challenging $75 re-issue fee charged by airline); *Blackner v. Continental Airlines*, 709 A.2d 258, 260 (N.J. Super. Ct. App. Div. 1998) (dismissing breach-of-contract claims arising from $60 surcharge to replace lost ticket).

Plaintiff's state law claims similarly relate to FedEx's services because they attack how FedEx assesses the Advancement Fee.  Plaintiff alleges FedEx should have provided Plaintiff with alternative options to avoid paying the Fee, should have disclosed the fee to Plaintiff when Plaintiff entered his transaction with the shipper, and should have made the Fee more conspicuous on the invoice.  All of these allegations further relate to FedEx's services because they attempt to regulate the particulars around how FedEx assesses its rates.

Not only do Plaintiff's claims clearly relate to FedEx's rates and services, but they also seek to enforce state law against an air carrier, FedEx.  Both the UCL and the CLRA are laws enacted by the state of California.  Courts have already established that claims brought pursuant to those statutes meet the "enact or enforce a law" requirement of ADA preemption.  *See, e.g., Fitz-Gerald v. SkyWest Airlines, Inc.,* 155 Cal. App. 4th 411, 423 (2007); *In re Jetblue Airways Corp. Privacy Litig.*, 379 F. Supp. 2d 299, 316 (E.D.N.Y. 2005).

Moreover, the United States Supreme Court has ruled that the ADA preempts state unfair business practice statutes and state consumer protection statutes, *see Wolens*, 513 U.S. 219, and other courts have held the UCL and CLRA preempted by the ADA. *See, e.g., In re Jetblue Airways Corp. Privacy Litig.*, 379 F. Supp. 2d at 316 (CLRA claims preempted by ADA because alleged unlawful actions of transferring personal information to third party were part of the reservations and ticketing process and occurred "in the course of the provision of the service of reservations and ticket sales."); *Fitz-Gerald v. SkyWest Airlines, Inc.*, 155 Cal. App. 4th at 423 (2007) (holding UCL preempted by the ADA and upholding summary judgment based in part on dismissal of a claim for relief under California Business & Professional Code § 17200).

Plaintiff's fraud by omission and unjust enrichment claims are also preempted because they are based on California state common law, which unquestionably has the "force or effect of law." *See, e.g., Dugan v. FedEx Corp.* 2002 U.S. Dist. LEXIS 28415 (C.D. Cal., Sept. 26, 2002) (UCL, negligent misrepresentation, intentional misrepresentation and unjust enrichment claims preempted by ADA); *Holmstrom v. UPS*, 2002 U.S. Dist. LEXIS 26617, at *5 (C.D. Cal., Sept. 18, 2002) (fraud and unjust enrichment claims preempted by the FAAAA, which has the exact same preemption language as the ADA); *Deerskin Trading Post, Inc. v. UPS*, 972 F. Supp. 665, 673 (N.D. Ga. 1997) (claims for common law fraud, statutory fraud, negligence, gross negligence, unjust enrichment

and imposition of constructive trust all preempted by the FAAAA); *JetBlue Airways Privacy Litig.*, 379 F. Supp. 2d 299, 320  (E.D.N.Y. 2005) ("unjust enrichment claims premised on the imposition of fees or collection of taxes quite obviously relate to airline rates"); *Leonard v. Northwest Airlines*, 605 N.W.2d 425, 431-32 (Minn. Ct. App. 2000) (dismissing unjust enrichment claim challenging $75 re-issue fee charged by airline); *DHL Express v. Falcon Express*, 408 S.W.3d 406, 417 (Tex. Ct. App. 2013) (common law fraud claims preempted by ADA); *S.C. Johnson & Son v. Transp. Corp. of Am.*, 697 F.3d 544, 557 (7th Cir. 2012) (fraud and fraud by omission claims preempted by ADA); *Schaefer v. Delta Airlines*, 1992 U.S. Dist. LEXIS 22450, at *4-5 (S.D. Cal., Sept. 17, 1992) (fraud claim preempted by ADA).  Clearly, California state and federal courts, as well as other jurisdictions, have established firm precedent that claims like those asserted by Plaintiff are preempted under the ADA.

Further, the nature of Plaintiff's deception-based claims is so similar to that of the false-advertising claims addressed in *Morales* that *Morales* is really "on all fours" with this case.  *See also, e.g*., *Sam L. Majors Jewelers v. ABX, Inc.*, 117 F.3d 922, 931 (5th Cir. 1997) (claim that airbills were deceptive and violated Texas Deceptive Trade Practices Act because they gave no notice of prohibition on shipment of jewelry preempted by ADA); *Wagman v. Federal Express*, 1995 U.S. App. LEXIS 3111 at *5-7 (4th Cir. Feb. 17, 1995) (claim that FedEx's advertising promise of "overnight delivery" misled customers and violated Maryland's state

consumer protection laws preempted by the ADA); *Trujillo v. American Airlines*, 938 F. Supp. 392, 394 (N.D. Tex. 1995) ("Claims founded upon the preparation of Waybills and shipping of packages would significantly affect the ability of airlines to limit their liability for providing those services," and, thus, are preempted); *Musson Theatrical, Inc. v. Federal Express Corporation*, 2001 Tenn. App. LEXIS 258 at *25-26 (Tenn. Ct. App. April 12, 2001) (claims that FedEx's airbill descriptions and service guide were deceptive and constituted fraud and misrepresentation preempted by the ADA).

Finally, the remedies plaintiff seeks—injunctions mandating that FedEx cease and desist its practice of charging the Advancement Fee, along with restitution of all moneys that FedEx received from the Advancement Fee—would drastically impact shipping rates, interfere with the manner in which FedEx provides international air transportation services, and interfere with competition among air carriers.

### C. Alternatively, Plaintiff's Class Action should be dismissed because Plaintiff lacks standing and fails to allege facts sufficient to establish the elements of his claims.

Plaintiff alleges FedEx's practice of charging an Advancement Fee on goods shipped internationally to the United States is unfair, fraudulent, and unlawful. (*See* Class Action ¶¶ 44, 48 and 49.)  Specifically, Plaintiff alleges "he never received notice that an Advancement Fee would apply to his purchase, did not give FedEx permission to pay the Customs Duty for him in advance (with or without an

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

additional charge), and never authorized any additional fees to be levied or charged by FedEx beyond the €20 shipping fee he paid at checkout." (Class Action ¶ 31.) Plaintiff nonetheless paid the entire FedEx invoice because he "was concerned that U.S. Customs would get involved and he might be exposed to additional fines…" (Class Action ¶ 32.) He claims if he had "been given notice of the Advancement Fee and been provided the opportunity to pay the Customs Duty directly, he would have done so to avoid additional FedEx charges." (Class Action ¶ 32.) Finally, Plaintiff alleges he "suffered harm as a proximate result of Defendant's violations of the law and wrongful conduct in the form of monies lost." (Class Action ¶ 50.)

### 1.   *Plaintiff lacks standing to assert his UCL and CLRA claims because he cannot allege an injury in fact.*

California's UCL permits civil recovery for "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." *Cal. Bus. & Prof. Code* § 17200.  Its purpose "is to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services." *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 320 (2011).   Although section 17200 contains sweeping language as to what is considered a business practice, standing to sue under the statute, as defined by Business and Professions Code section 17204,  is confined to any "person who has suffered injury in fact and has lost money or property as a result of unfair competition." *Kwikset  Corp.*, 51 Cal. 4th at 320–321.  In other words, to have

1105684 (60-15108 )                                    14

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
Case No.  8:15-CV-00060-CJC-ANx

standing to bring a section 17200 cause of action, a plaintiff must "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., economic injury, and (2) show that the economic injury was the result of, i.e., caused by, the unfair business practice or false advertising that is the gravamen of the claim." *Id* at 322.  As to the injury in fact, or economic injury requirement, the injury must be "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" *Buckland v. Threshold Enterprises, Ltd*., 155 Cal.App.4th 798, 814 (2007);  *see also Hall v. Time, Inc*., 158 Cal. App. 4th 847 (2008).

Similarly, an individual seeking to recover damages under the CLRA must prove, among other things, actual injury. "Relief under the CLRA is specifically limited to those who suffer damage, making causation a necessary element of proof." *Wilens v. TD Waterhouse Group, Inc,* 120 Cal.App.4th 746, 754 (2003). "Accordingly, 'plaintiffs in a CLRA action [must] show not only that a defendant's conduct was deceptive but that the deception caused them harm.'" *Buckland*, 155 Cal.App.4th at 809.

In *Bower v. AT&T Mobility, LLC*, 196 Cal. App. 4th 1545 (2011), the plaintiff purchased a cell phone from AT&T at a discounted price on the condition she enter into a two-year service agreement with AT&T.  Although she purchased the phone at a discounted price, AT&T charged her sales tax based on the full price of the cell phone.  *Id* at 1548. The plaintiff claimed she relied on AT&T's

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

misrepresentations that she was required by law to pay the tax on the full price, when in fact AT&T had the option of paying the additional sales tax on behalf of its customers. *Id*. As a result, the plaintiff claimed she "was denied any opportunity [to] shop around for retailers that do not charge consumers this discretionary fee." *Id* at 1557. The plaintiff sued AT&T alleging violation of the CLRA, unlawful, unfair and fraudulent business practices under UCL Section 17200, and common law fraud. *Id* at 1548.

The Court of Appeals of California affirmed the trial court's judgment sustaining AT&T's demurrer, finding the plaintiff lacked standing because she failed to plead injury in fact. *Id.* In doing so, the court found the complaint pleaded, at the most, a conjectural or hypothetical injury, not an injury in fact. *Id* at 1557. Moreover, the plaintiff "did not allege she could have obtained a bundled transaction for a new cellular telephone—the telephone that she selected—at a lower price from another source." *Id* at 1555. The court found the allegations insufficient to sustain a cause of action under the UCL or for common law fraud. *Id* at 1557. Similarly, the court found the plaintiff "did not allege a 'tangible increased cost or burden' as a result of AT&T's purported misrepresentation sufficient to pursue a CLRA cause of action." *Id.* (quoting *Meyer v. Sprint Spectrum L.P.,* 45 Cal. 4th 634 (2009)).

Similarly, in *Peterson v. Cellco Partnership*, 164 Cal. App. 4th 1583 (2008), the plaintiffs brought a class action against a communication equipment vendor,

which sold cell phones, alleging it violated the UCL by offering and selling insurance while unlicensed to do so.  The plaintiffs purchased cell phones and insurance from the defendant, and unbeknownst to the plaintiffs, the defendant retained a portion of the premiums.  *Id.* at 1588.  The complaint alleged the plaintiffs "suffered injury in fact because defendant … unlawfully retained … or received a percentage of the … insurance premiums paid by plaintiffs as a  fee, monetary benefit … or recurring revenue stream, all of which plaintiffs have a legally protected ownership interest in that is concrete, particularized and actual;" they "lost money" because defendant retained a percentage of the premium and the money was "no longer in plaintiffs' possession;" and they "suffered injury in fact and lost money to defendant as a direct result of defendant's unlawful activities because if defendant had not offered [and] sold … insurance when it was not … licensed to do so, plaintiffs would not have purchased the … insurance from defendant."  *Id.* at 1586.  The trial court sustained the defendant's demurrer on the UCL claims because the plaintiffs were unable to state facts supporting the legal requirement of actual injury and pecuniary loss.  *Id.* at 1588.

In affirming the trial court's decision, the Court of Appeals of California noted that under the UCL, a private plaintiff must demonstrate injury in fact and a loss of money or property caused by unfair competition.  *Id.* at 1590.  The plaintiffs failed to do so because they "[did] not allege they paid more for the insurance due to defendant's collecting a commission. They [did] not allege they could have

1105684 (60-15108 )                                                                17

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
Case No.  8:15-CV-00060-CJC-ANx

bought the same insurance for a lower price either directly from the insurer or from a licensed agent." *Id.* at 1591. Absent such an allegation, the court found the plaintiffs could not show they suffered actual economic injury.

In the present case, Plaintiff fails to allege facts sufficient to establish he suffered an actual economic injury.  Plaintiff alleges FedEx paid Plaintiff's customs fees for Plaintiff's shipment in advance, and then invoiced Plaintiff for the customs fees and the Advancement Fee after Plaintiff had already received his shipment. Plaintiff also alleges he paid the invoice for the advanced customs fees and the Advancement Fee.  Plaintiff, however, does not specify or even describe an alternative method of obtaining his shipment which would have cost him less than the total amount he paid FedEx.  Plaintiff does not allege he could have paid the Customs Duty directly or what processing fees he may have been charged by U.S. Customs had he done so.  Plaintiff does not allege he could have hired a certified customs broker who would have charged a fee less than the $6.50 charged by FedEx, but chose not to because of FedEx's alleged failure to disclose the Advancement Fee.  The Class Action, therefore, does not allege Plaintiff suffered actual economic injury through payment of the Advancement Fee.

Having failed to establish he suffered an injury in fact plaintiff lacks standing to bring claims under the UCL or CLRA and both claims should be dismissed with prejudice.

### 2. *Plaintiff does not sufficiently plead a fraud by omission claim.*

To plead fraud by omission under California law, a plaintiff must show (1) the concealment or suppression of material fact, (2) a duty to disclose the fact to the plaintiff, (3) intentional concealment with intent to defraud, (4) justifiable reliance, and (5) resulting damages. *SCC Acquisitions, Inc. v. Cent. Pac. Bank.*, 207 Cal. App. 4th 859 (Cal. Ct. App. 2012); *Lovejoy v. AT&T Corp.*, 119 Cal. App. 4th 151 (Cal. Ct. App. 2004). Because these claims do not involve affirmative misrepresentations, actual reliance for the purpose of fraud by omission occurs only when the plaintiff reposes confidence in the material completeness of the defendant's representations, and acts upon this confidence. *See Buckland v. Threshold Enterprises, Ltd.*, 155 Cal. App. 4th 798 (2007). The failure to disclose arguably material facts is not actionable fraud unless there is some relationship between the parties giving rise to a duty to disclose known facts. *See Chiarella v. United States*, 445 U.S. 222 (1980); *United States v. Laurienti,* 611 F.3d 530, 539 (9th Cir. 2010) (there can be no nondisclosure absent a duty to speak). Courts uniformly hold that such a duty arises only when there is a transaction between the parties. *Id*; *LiMandri v. Judkins*, 52 Cal. App. 4th 326 (Cal. Ct. App. 4th Dist. 1997) ("as a matter of common sense, such a relationship can only come into being as a result of some sort of transaction between the parties"). Examples of the types of business transaction under which such a duty might arise are seller and buyer, employer and prospective employee, doctor and patient, or parties entering into any kind of contractual agreement. *Id* at 337.

1105684 (60-15108 )                                   19

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
Case No.  8:15-CV-00060-CJC-ANx

Plaintiff's fraud by omission claim fails because, as already discussed, Plaintiff cannot show he suffered actual damages.  Also, Plaintiff's allegations do not show he relied on the completeness of one of FedEx's representations because Plaintiff does not even allege FedEx made a representation to him.  Therefore, it is impossible he reposed "confidence in the material completeness of the… representations, and act[ed] upon [that] confidence." *Buckland,* 155 Cal. App. 4th 798 (2007).   Plaintiff alleges during his online checkout process, he "agreed to pay a €20 fee for FedEx shipping." (Class Action at 28.)  Plaintiff further alleges "[o]n the checkout page, Plaintiff viewed a representation that he may be liable for governmental customs fees for shipping the items to the United States."  (Class Action ¶ 29.)  Plaintiff does not allege FedEx made that representation or FedEx charged him the €20 shipping fee. The Class Action only conclusively alleges FedEx "concealed that it would impose an Advancement Fee," (Class Action ¶ 61.) and Plaintiff reasonably expected FedEx's "shipping services could be obtained for the price stated." (Class Action ¶ 62.)  However, Plaintiff fails to describe a single communication by FedEx where it stated a price or could have concealed the fee. In fact, the only statement of price or representation prior to delivery was made by unisports.com rather than FedEx.  Having failed to describe a single representation made by FedEx prior to the delivery of the package, Plaintiff cannot establish he detrimentally relied on the completeness of such a representation.

### 3.  *Plaintiff does not sufficiently plead an unjust enrichment claim.*

The elements of an unjust enrichment claim are the "receipt of a benefit and [the] unjust retention of the benefit at the expense of another." *Lectrodryer v. SeoulBank*, 77 Cal.App.4th 723 (2007).  "[T]he 'mere fact that a person benefits another is not of itself sufficient to require the other to make restitution therefor.'" *Marina Tenants Assn. v. Deauville Marina Development Co.* (1986) 181 Cal.App.3d 122, (1986). "There is no equitable reason for invoking restitution when the plaintiff gets the exchange which he expected." *Comet Theatre Enterprises v. Cartwright*, 195 F.2d 80, 83 (9th Cir. 1952).

In this case, Plaintiff received the benefit of the bargain.  Plaintiff received the jersey he ordered from unisports.com and benefited from FedEx's international shipping services and customs clearance services, so there is no equitable reason why FedEx should not retain whatever benefit it received.  Moreover, restitution should be required only when it "involves no violation or frustration of law or opposition to public policy, either directly or indirectly." *County of San Bernardino v. Walsh*, 158 Cal.App.4th 533 (2007). To permit Plaintiff to pursue his claim under the label "unjust enrichment" would allow him to circumvent the law and public policy reflected in section 17204's mandate that only an injured plaintiff may assert a private action under the UCL.  See *Peterso v. Cellco Partnership,* 164 Cal. App. 4th 1583, 1595, (2008).

### 4.    *Plaintiff's claims are barred by the voluntary payment doctrine.*

In the alternative, Plaintiff is barred from recovery pursuant to the voluntary payment doctrine. The voluntary payment doctrine is an affirmative defense that bars the recovery of money that was voluntarily paid with knowledge of the facts. See *Parino v. BidRack, Inc.*, 838 F. Supp. 2d 900, 908 (N.D. Cal. 2011); *Steinman v. Malamed*, 185 Cal. App. 4th 1550, 1557 (2010); *Ellsworth v. U.S. Bank, N.A.*, 908 F. Supp. 2d 1063 (N.D. Cal. 2012). Ordinarily, an affirmative defense may not be raised on a motion to dismiss, but may be considered if the defense is based on undisputed facts or if the basis for the argument appears on the face of the complaint and any materials the court takes judicial notice of. *Id* at 1083. The voluntary payment doctrine does not apply when payment is made under duress or by coercion. *See Western Gulf Oil,* 92 Cal. App. 2d at 265 ("Payments of illegal claims enforced by duress, coercion or compulsion, when the payor has no other adequate remedy to avoid it, will be deemed to have been made involuntarily and may be recovered, but the payment must have been enforced by coercion and there must have been no other adequate means available to prevent the loss."). Duress or coercion is sufficient to abrogate the voluntary payment doctrine "where, by reason of the peculiar facts a reasonably prudent man finds that in order to preserve his property or protect his business interests it is necessary to make a payment of money which he does not owe and which in equity and good conscience the receiver should not retain, [and thus] he may recover it." *Steinman*, 185 Cal. App. 4th at 1558 (quoting *Western Gulf Oil*, 92 Cal. App. 2d at 266).

In the present case, the basis for dismissal based on the voluntary payment doctrine is apparent on the face of the Class Action. Plaintiff expressly alleges he paid the Advancement Fee. Plaintiff cannot allege that he had to pay the Fee to receive his shipment because he admits he paid the Fee two weeks after receiving his shipment. In a feeble attempt to plead duress or coercion, Plaintiff alleges he paid the Fee "[b]ecause [he] was concerned that U.S. Customs would get involved and he might be exposed to additional fines." (Class Action ¶ 32.) Plaintiff, however, does not allege any factual bases for his concern that U.S. Customs would get involved or that he might get exposed to additional fines, nor does he point to any act on the part of FedEx which could be considered coercive. Plaintiff does not allege he contacted FedEx in an effort to dispute the Advancement Fee or that FedEx did anything to cause his concern that "U.S. Customs would get involved." Further, Plaintiff clearly had knowledge of the facts, as he alleges he "discovered (on the third page in small print) that FedEx had already paid the customs Duty and that it had added and additional $6.50 'Advancement Fee.'" (Class Action ¶ 30.) Because the allegations on the face of the Class Action establish that Plaintiff voluntarily paid the Advancement Fee with full knowledge of the facts surrounding the assessment of the fee, Plaintiff's claim for recovery is barred by the voluntary payment doctrine.

## CONCLUSION

For all of the foregoing reasons, Defendant Federal Express Corporation

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1105684 (60-15108 )                23

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
Case No.  8:15-CV-00060-CJC-ANx

respectfully requests that this Court grant its Motion to Dismiss all causes of action.

DATED: March 13, 2015

FEDERAL EXPRESS
CORPORATION


/s/ Justin M. Ross
Justin Ross, *pro hac vice*
Aaron T. Cassat, *pro hac vice*
3620 Hacks Cross Rd.
Building B, 3rd Floor
Memphis, TN 38125
T: 901.434.8477
F. 901.434.4523
Email: justin.ross@fedex.com
Email: aaron.cassat@fedex.com

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
Case No.  8:15-CV-00060-CJC-ANx

1

2

3

4

**CERTIFICATE OF SERVICE**

5        I am a resident of the State of Tennessee, over the age of eighteen years, and not a party
to the within action.  My business address is Federal Express Corporation, 3620 Hacks Cross
6   Road, Building B, 3rd Floor, Memphis, TN 38125.

7        On March 13, 2015, I served the within document(s):

8

9   **MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

10

| ☐ | by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below. |
|---|---|
| ☒ | via Court's ECF Filing System. |
| ☐ | by arranging with First Legal Support Attorney Service to personally deliver the document(s) listed above to the person(s) at the address(es) set forth below. |
| ☐ | by placing the document(s) listed above in a sealed envelope with delivery fees provided for, addressed as follows for collection by Federal Express for overnight delivery at Federal Express Corporation, 3620 Hacks Cross Road, Building B, 3rd Floor, Memphis, TN 38125, in accordance with Federal Express Corporation's ordinary business practices. |

17

18   **SEE ATTACHED SERVICE LIST**

19

| ☐ | *(State)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct. |
|---|---|
| ☒ | *(Federal)*  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. |

22        Executed on March 13, 2015 at Memphis, Tennessee.

23

24

25                                                    s/ Paula D. Cates
                                                        Paula D. Cates

26

27

28

1105684 (60-15108 )                                25

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
Case No.  8:15-CV-00060-CJC-ANx

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
Case No.  8:15-CV-00060-CJC-ANx